UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARUBA HOTEL ENTERPRISES N.V. | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 3:07-cv-1297 (JCH) |
| | : | |
| MICHAEL BELFONTI, | : | |
| MCR PROPERTY MANAGEMENT INC. | : | |
| and CEB IRREVOCABLE TRUST, | : | |
| | : | |
| Defendants. | : | FEBRUARY 19, 2008 |

**RULING RE: DEFENDANTS' MOTION FOR RECONSIDERATION (DOC. NO. 48)**

**I.     INTRODUCTION**

Plaintiff Aruba Hotel Enterprises N.V. ("AHE") brings this action seeking a declaratory judgment pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201(a), stating that monies claimed to be loaned by defendants Michael Belfonti, MCR Property Management Inc. ("MCR"), and CEB Irrevocable Trust("CEB")(collectively "defendants") are not owed by AHE.  See Complaint at 8 (Doc. No. 1).  On January 17, 2008, the court denied defendants' Motion to Dismiss AHE's Complaint for lack of subject matter jurisdiction under the DJA, or alternatively, to dismiss the case on grounds of forum non conveniens.  See Ruling (Doc. No. 47).  Defendants move the court to reconsider that Ruling based on new circumstances.

**II.     DISCUSSION**[1]

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving

---

[1]The court assumes familiarity with the facts and procedural posture of the case.  See Ruling (Doc. No. 47).

party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts before it may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

Defendants ask the court to reconsider its Ruling on the Motions to Dismiss because defendants "concede that they will not, going forward, take the position in any litigation (including the ongoing litigation in Aruba) that the transactions at issue are enforceable loans under Connecticut law." Def.'s Mot. to Recons. at 2[2] (Doc. No. 48). Defendants' admission does not persuade the court to reconsider its Ruling for two reasons. First, defendants' admission is not "newly discovered evidence" such as would justify the court's reconsideration of its Ruling. See Virgin Atl., 956 F.2d at 1255. Second, defendants assume incorrectly that their admission "obviates the underlying

---

[2]The court notes that the defendants' Motion has no page numbers. Therefore, the court will assume that the front page is page number one and refer to the rest of the pages accordingly.

2

dispute." Def.s' Mot. at 2. In denying defendants' Motions to Dismiss, the court found that "the law of Connecticut appears to be the governing law" for the purposes of resolving the Motions to Dismiss, but did not find definitely as to what jurisdiction's laws govern this dispute. Ruling at 7 (Doc. No. 47). As such, defendants' admission that the transactions at issue are not enforceable loans under Connecticut law could not obviate this dispute at this time.

III.    **CONCLUSION**

For the forgoing reasons, defendants' Motion for Reconsideration (Doc. No. 48) is DENIED. The parties are to proceed with discovery forthwith.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 19th day of February, 2008.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge